UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**DARIUS ASHLEY,**

                         **Plaintiff,**

                     - v -                                9:07-CV-166
                                                                   (NAM/RFT)

**JAMES CAMPBELL, Albany County Sheriff; JOHN
DOE #1, Deputy Sheriff of Transportation; JOHN
DOE #2, Deputy Sheriff of Transportation,**

                        **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

DARIUS ASHLEY
05-A-6178
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff, *Pro Se*

CORRIGAN, MCCOY & BUSH, PLLC
ROBERT P. ROCHE, Esq., of counsel
220 Columbia Turnpike
Rensselaer, New York 12144
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

      Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brought this action for monetary relief under 42 U.S.C. § 1983, alleging that defendants used excessive force against him on various occasions. Defendants' motion for summary judgment was referred to United States Magistrate Judge Randolph F. Treece pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c).

Magistrate Judge Treece issued a Report and Recommendation (Dkt. No. 24) recommending dismissal due to plaintiff's failure to prosecute and failure to keep the Court apprized of his current address.  Plaintiff objects to the Report and Recommendation.  Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects.

The chronology of events is as follows.  On February 15, 2007, plaintiff filed the complaint (Dkt. No. 1).  On April 3, 2007, plaintiff sent a letter to the court requesting an extension of time to ascertain the names of the John Doe defendants.  On April 9, 2007, Magistrate Judge Treece responded as follows: "No extension necessary as no deadline has yet been established for filing of nondispositive motions." (Dkt. No. 9.)  A docket entry shows that on July 1, 2007 the clerk's office changed plaintiff's address from Upstate Correctional Facility to Clinton Correctional Facility.

On September 6, 2007, Magistrate Judge Treece received a letter from plaintiff requesting an extension of time to accumulate the $12.75 required to pay for copies of the paperwork needed to ascertain the names of the John Doe defendants.  On the same date, Magistrate Judge Treece responded by ordering: "Plaintiff will be able to amend his complaint to identify Doe defendants until the nondispositive motion filing deadline expires.  That deadline will not be established until after the defendants file an answer."  (Dkt. No. 12.)  On September 25, 2007, James L. Campbell, the only named defendant, signed an acknowledgment of receipt of the summons and complaint. It was not until August 7, 2008, however, more than 10 months later, that defendants filed an answer and served it on plaintiff at Southport Correctional Facility (Dkt. Nos. 16, 17). Three weeks later, August 28, 2008, defendants moved for summary judgment (Dkt. No. 18).

When defendants filed their motion for summary judgment on August 28, 2008, they mailed a copy to plaintiff at Clinton County Correctional Facility, the address for plaintiff that was then on file (Dkt. No. 18). On August 29, 2008, at the direction of Magistrate Judge Treece, defendants' counsel sent plaintiff a notice of the consequences of failure to respond to the summary judgment motion (Dkt. No. 19); apparently this was sent to Upstate Correctional Facility.

Defendants' counsel accomplished service of the summary judgment motion papers on plaintiff at the Schenectady County Correctional Facility on September 22, 2008 (Dkt. No. 21). As defendants' counsel explained to the Court (Dkt. No. 20), he had learned that plaintiff had been moved from Clinton County Correctional Facility to Southport Correctional Facility on July 26, 2008, and then to Auburn Correctional Facility on September 4, 2008. Plaintiff was picked up on September 9, 2008 by Schenectady County Sheriff deputies under an order to produce so that plaintiff could testify as a material witness at a felony trial in Schenectady County Court.

Given the delay in service, Magistrate Judge Treece extended plaintiff's time to respond to the summary judgment motion until October 27, 2008 (Dkt. No. 22). As of March 5, 2009, the date of the Report and Recommendation, plaintiff had not responded to the summary judgment motion or provided an updated address. Nor did he seek assistance from the court or an extension of time. As of the date of the Report and Recommendation, the Court's docket sheet reflected plaintiff's last known address as Clinton County Correctional Facility, yet, according to the DOCS Inmate Locator website, plaintiff was in Upstate Correctional Facility. Magistrate Judge Treece found that plaintiff's failure to prosecute and provide a change of address warranted dismissal.

In his objection (Dkt. No. 25) to the Report and Recommendation, dated March 10, 2009, plaintiff states that he "does not know what he was suppose[d] to oppose"; that he tried to contact Albany County to get the names of the officers who were working at the time of the alleged incidents; that the F.O.I.L. officers told him he would have to pay for copies; and that he informed them he could not afford to pay "at the moment." He adds: "Then I received a letter saying that I had a certain amount of time to ascertain information and if I didn't my case would be dismissed, so when the deadline or what I thought was the deadline came I just figured this case was over[.]"

This Court notes that, according to the two previous orders of Magistrate Judge Treece (Dkt. Nos. 9, 12), plaintiff was entitled to amend his complaint to identify the John Doe defendants at any time until the expiration of the nondispositive motion filing deadline, which was not to be set until after defendants answered. Defendants did not answer the complaint for over 10 months, however, and three weeks later they moved for summary judgment. As a result, there has been no scheduling order and no nondispositive motion deadline. Under the circumstances, plaintiff's confusion about the status of the case is understandable. It appears from reviewing the record in light of plaintiff's objection (which, of course, Magistrate Judge Treece did not have in front of him when preparing the Report and Recommendation) that plaintiff did not intend to abandon the lawsuit. The Court finds that under all the circumstances, dismissal is not warranted. Nor is summary judgment proper at this point. Plaintiff should be given an opportunity for discovery.

Plaintiff states in his objection that he does not know how to obtain the information necessary to identify the John Doe defendants. To obtain relevant information in the possession

of defendants, plaintiff may mail to defendants' counsel a request that they answer interrogatories (a list of questions written by plaintiff asking for specific factual information), or a request that they produce specific documents. If plaintiff is dissatisfied with defendants' responses, he should make a motion to compel discovery, sent to Magistrate Judge Treece, explaining the problem and requesting the court's assistance. Plaintiff must mail to defendants' counsel a copy of anything he mails to Magistrate Judge Treece.

**Plaintiff is advised that he MUST immediately notify the Clerk's Office and defendants' counsel of EVERY change in his address. The Court will NOT continue to excuse his failure to do so. Failure to give prompt notice of every change in address will result in the dismissal of this action.**

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 24) is rejected; and it is further

ORDERED that the motion for summary judgment (Dkt. No. 18) is denied without prejudice; and it is further

ORDERED that **<u>PLAINTIFF IS REQUIRED TO PROMPTLY NOTIFY THE CLERK'S OFFICE AND ALL PARTIES OR THEIR COUNSEL OF ANY CHANGE IN HIS ADDRESS; FAILURE TO DO SO WILL RESULT IN THE DISMISSAL OF THIS ACTION</u>**.

IT IS SO ORDERED.

March 27, 2009
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge